The opinion of the Court was delivered by MR. JUSTICE CARTER.

12629

JAMES v. MARTIN *ET AL.*

(147 S. E., 752)

80

84

"Now, was there fraud in the conveyance of Norman Martin to his mother of his two twenty-sevenths interest in the $15,750 tract of land, over which tract there was a mortgage of $11,893? It is shown that the mortgagee was demanding payment, and that the only way of paying the debt was by securing a loan from the Federal Land Bank. In order to do this, the title had to be in the name of Mrs. Martin or some other one person, for the Court may, I am convinced, take cognizance of the fact that, under the conditions existing in this section of the State for the past several years, the Federal Land Bank has been the only 'very present help' upon which a farmer could rely in the matter of farm loan flotation, and also the fact that the Federal Land Bank would not loan $12,000 upon the 315-

acre tract unless the title were vested in one responsible applicant. There was no way for Mrs. Martin to save the land except by this loan, and certainly no way for any one of the ten heirs to save his or her respective interest without protection of the outstanding debt of nearly $12,000. The assumption of the payment of this debt was a sufficiently valuable consideration. Had Norman Martin been the sole owner of a tract of land, and conveyed that to his mother while owing the debt to plaintiff, there would have been no question as to the invalidity of the transfer. No proof of direct, intended fraud would have been necessary, as fraud could be inferred from the very surrounding circumstances. In this case, however, the facts are that Norman Martin was only one of the nine children who agreed to convey to their mother their respective undivided interests in a heavily incumbered estate in an effort to prevent the loss of all by foreclosure of Mrs. Levi's mortgage. It clearly appears that Norman Martin's interest was, until separated and saved, worth nothing. And it is not to be supposed that these other eight children all conspired with Norman to defraud Mr. James of his claim. And it is unreasonable to conclude that Mrs. Lillie R. Martin went to all the trouble that she did, advancing her own funds in part, for the sole intention of defrauding Mr. James of his money.

"I hold that there was no intent to defraud, and no ground for setting aside the conveyance.

"The testimony shows that Mr. James had a chattel mortgage on the automobile he sold to Norman Martin, and that he made no effort to realize on that security. The testimony further, does *not* show that any *nulla bona* return was made to the execution issued on the judgment against Norman Martin, and therefore I conclude that Mr. Cantey has not come within the rule laid down in the cases stated in the foregoing parts of this report, and has no right to bring this action in equity, until he has shown a *nulla bona* return to execution.

"I find from the testimony, that Fred Lesesne, Esq., was the attorney of Mrs. Lillie R. Martin, and of Norman Martin, in the negotiations with Mr. Cantey, evidenced by the letter exhibited by Mr. Cantey, and that the Federal Land Bank is not chargeable with notice.

"I find that Norman Martin is the head of a family, in the class of those entitled to homestead, and that he is entitled to homestead as against the lien of plaintiff's judgment.

"I find that the exemption to which Norman Martin is entitled is much more than the value of his undivided interest in the lands of his father's estate.

"I find that the proceeds of the Land Bank loan were applied to the payment of the Levi mortgage, that the purpose, intent, and understanding of the borrower and lender was that the money so loaned should be devoted to such purpose, and that the Federal Land Bank was not a mere volunteer, but is subrogated to all the rights of the first mortgagee, so that the Federal Land Bank mortgage is a first lien upon the property in question.

"My conclusion upon this last point is at variance with the general rule of subrogation as laid down in some other jurisdictions, but is based upon the late case cited, *Enterprise Bank v. Federal Land Bank et al.*, which has not yet been issued in the bound reports. This case is conclusive of the question. It is too long for me to quote in full, but the excerpt here given is in line with the holding: 'One satisfying a lien note at the request of the property owner, upon the understanding that he is to have new security upon the property released, acting in ignorance of a second mortgage lien upon the property, although it is on record, is entitled to subrogation to the rights of the first lien holder.'

"In brief résumé, I respectfully report to the Court:

"I find, as matters of fact:

"(1) That there was no intent to defraud.

"(2) That plaintiff has not exhausted all legal remedies before bringing this action.

"(3) That Fred Lesesne, Esq., was the attorney of Lillie R. Martin and Norman R. Martin.

"(5) That Norman Martin is the head of a dependent family.

"(6) That the value of Norman Martin's interest in his father's estate lands is $285.69.

"(7) That the loan from the Federal Land Bank was procured with the understanding between the borrower and lender that the proceeds of said loan were for the paying of Mrs. Levi.

"(8) That the net proceeds of said loan were all applied to payment of the Levi lien.

"I find, as conclusions of law:

"(1) There was no fraud in the conveyance sought to be set aside.

"(2) That plaintiff has no right to bring this action.

"(3) That the Federal Land Bank is not chargeable with notice.

"(4) That Norman Martin is entitled to homestead exemption as against plaintiff's judgment.

"(5) That the Federal Land Bank is subrogated to all the rights of Mrs. Ida Levi as first mortgagee, to the extent that their money was applied to the payment of Mrs. Levi."

The decree of Circuit Judge Johnson here follows:

"The above-stated action comes on to be heard by me in open Court upon the report of the Special Referee and the exceptions thereto by the plaintiff, which exceptions are styled 'Notice and Grounds of Appeal.' Upon hearing argument of plaintiff's attorney and the attorneys for the defendant, it is ordered, adjudged, and decreed that the said exceptions are without merit and are therefore overruled, and the report of the Special Referee is hereby affirmed and made the judgment of this Court, and the complaint of the plaintiff is dismissed, with costs to the defendants, including a reasonable fee of $10 for the Special Referee."

*Mr. J. J. Cantey,* for appellant,

*Mr. Fred Lesesne,* for respondents,

*Messrs. Dinkins & Stukes,* also for respondents,

April 4, 1929.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This Court is entirely satisfied with the report of the Referee confirmed by the Circuit Judge.

Decree affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE, STABLER and CARTER concur.